**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 1:22-cr-5-LG-RPM
CIVIL NO. 1:23-cv-245-LG**

**KELVIN RENEE BURRELL**

## ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE

BEFORE THE COURT is the Motion [45] of the Defendant, Kelvin Renee
Burrell to Vacate Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated
below, the Motion is denied.

### FACTUAL AND PROCEDURAL HISTORY

On January 11, 2022, a federal grand jury returned a two-count indictment
against Kelvin Renee Burrell. [16], pp. 1-2. The indictment charged Burrell with
one count of possession with intent to distribute 400 grams or more of a mixture or
substance containing a detectable amount of fentanyl, in violation of 21 U.S.C.
Sections 841(a)(1) and (b)(1)(A) and one count of possession of a firearm by a
convicted felon in violation of 18 U.S.C. Section 922(g)(1). *Id.*

After reaching a plea agreement with the Government, Burrell pleaded guilty
to Count 1 of the indictment—possession with intent to distribute 400 grams or
more of a mixture or substance containing a detectable amount of fentanyl.  As part

of the plea agreement, Burrell waived "the right to contest [his] conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under 28 U.S.C. § 2255[.]" [34], p. 5. Despite this waiver, Burrell "retain[ed] the right to pursue a claim of ineffective assistance of counsel." *Id.* at p. 6.

The Court later sentenced Burrell to a term of 262 months in the custody of the Bureau of Prisons to be served consecutive to his sentence from the Circuit Court of Harrison County, Mississippi. [41], pp. 1-2. Burrell now asks the Court to vacate that sentence based on several alleged violations of the Constitution and laws of the United States. Burrell's former attorney—Mr. John Weber—[1]and the Government have filed responses in opposition to Burrell's Motion.

## DISCUSSION AND ANALYSIS

28 U.S.C. Section 2255 "provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside or correct the sentence." *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (internal quotation marks omitted) (quoting *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). "The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of

---

[1] For clarity, Mr. Weber is referred to throughout this Order as Burrell's attorney, even though he no longer serves as Burrell's attorney. Mr. Weber served as Burrell's attorney during the periods relevant to Burrell's ineffective assistance of counsel claims.

the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (internal quotation marks omitted) (quoting *Hill*, 368 U.S. at 426-27). In his Motion, Burrell asks the Court to vacate his sentence based on the following grounds:

> (1) that the drug quantity he was charged with was improperly calculated;
>
> (2) that his attorney made him promises about the sentence he would receive and "coerced [him] into taking this sentence";
>
> (3) that he was never presented with the evidence against him;
>
> (4) that no mitigating factors were presented or considered at his sentencing hearing;
>
> (5) that his attorney failed to review the presentence investigation report with him, and had his attorney done so, he would have "thought about entering a plea of guilty without knowing exactly what [he] was facing";
>
> (6) that he received an unreasonable sentence due to his attorney's deficient performance at his sentencing hearing; and
>
> (7) that his attorney failed to present any meaningful arguments to the sentencing judge on his behalf.

[45], pp. 4-13.

### I. Whether Burrell's waiver of his right to seek post-conviction relief bars any of his claims.

A criminal defendant may waive the right to pursue post-conviction relief as part of a plea agreement. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002). To determine whether such a waiver is enforceable, the Court must "consider (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the

agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)). "A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Id.* (quoting *United States v. Burns*, 770 F. App'x 187, 190 (5th Cir. 2019)).

According to Burrell's plea agreement, he expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255[.]" [34], p. 5. Despite this waiver, Burrell "retain[ed] the right to pursue a claim of ineffective assistance of counsel." *Id.* at p. 6. By signing the agreement, Burrell also "declare[d] that the terms of this Plea Agreement have been": (1) read by or to him; (2) explained to him by his attorney; (3) understood by him; (4) voluntarily accepted by him; and (5) agreed to and accepted by him. *Id.* at p. 7.

At the change of plea hearing, the Court asked Burrell several questions to ensure that his guilty plea and his waiver of certain rights were knowingly and voluntarily made. When asked whether he had signed the plea agreement and whether he had the opportunity, prior to signing the agreement, to read it and go over it with his attorney, Burrell answered, "yes, sir." [44], p. 10. Burrell also answered, "yes, sir[,]" when asked whether he understood that, as part of the plea agreement, he was waiving or giving up "the right to contest the conviction [and] to

4

contest the sentence or the manner in which the sentence is imposed in any post-conviction proceeding." *Id.* at p. 15.

The Court later took the time to specifically emphasize the importance of the right to seek post-conviction relief, telling Burrell that he should not wave that right unless he had "given it very careful consideration and talked it over" with his attorney. *Id.* at p. 16. Burrell informed the Court that he had discussed the waiver of his right to seek post-conviction relief with his attorney and that no one had forced him, threatened him, or made him any offers to secure his waiver of that right. *Id.*

Based on Burrell's signing of the plea agreement and his responses to the Court's questioning at the change of plea hearing, the Court finds that Burrell's waiver of post-conviction relief was both knowing and voluntary. Burrell repeatedly indicated that he understood his right to seek post-conviction relief and that he desired to give up that right as part of the plea agreement.

As such, Burrell is barred, under the plain language of the plea agreement, from seeking post-conviction relief on any ground except ineffective assistance of counsel.[2] Therefore, his claims (1) that the drug quantity he was charged with was improperly calculated; (2) that the Government never presented him with the evidence against him; (3) that the Court failed to consider any mitigating factors at

---

[2] The Fifth Circuit has also recognized that a claim of "a sentence exceeding the statutory maximum" survives a waiver of post-conviction relief. *Barnes*, 953 F.3d at 388-89 (citing *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019)). Burrell's sentence of 262 months in the custody of the Bureau of Prisons, however, does not exceed the statutory maximum of life imprisonment for the offense he pleaded guilty to—possession with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. *See* 21 U.S.C. § 841(b)(1)(A)(vi). Therefore, that exception to the waiver of post-conviction relief is not applicable in this case.

the sentencing hearing; and (4) that his sentence was unreasonable are barred by his waiver of post-conviction relief. His remaining claims all involve allegations of ineffective assistance of counsel and, thus, do not fall under the waiver.

## II. Whether Burrell is entitled to relief on his ineffective assistance of counsel claims.

"[T]o prevail on an ineffective assistance of counsel claim, [Burrell] must satisfy *Strickland's* familiar two-part test." *Thomas v. Davis*, 968 F.3d 352, 355 (5th Cir. 2020) (internal quotation marks omitted) (quoting *Haynes v. Cain*, 298 F.3d 375, 380 (5th Cir. 2002)). He must show (1) that his attorney rendered deficient performance and (2) that his attorney's deficient performance prejudiced the outcome of the proceeding. *Clark v. Johnson*, 227 F.3d 273, 282 (5th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Burrell's claims fail "if he cannot establish either the deficient performance or prejudice prong; a court need not evaluate both if . . . he makes an insufficient showing as to either." *Blanton v. Quarterman*, 543 F.3d 230, 235-36 (5th Cir. 2008) (citing *Strickland*, 466 U.S. at 697).

"To establish deficient performance, [Burrell] must show that counsel's representation 'fell below an objective standard of reasonableness.'" *Id.* at 235 (quoting *Strickland*, 466 U.S. at 688). "This objective standard carries a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* (citing *Strickland*, 466 U.S. at 687-91). Ultimately, Burrell's attorney must have "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*,

466 U.S. at 687. Because Burrell fails to establish such deficient performance under any of his claims, he is not entitled to relief based on ineffective assistance of counsel.

## A. Attorney's Performance Prior to the Sentencing Hearing

Several of Burrell's claims relate to his attorney's performance prior to the sentencing hearing. First, Burrell alleges that his attorney made him promises about the sentence he would receive from the Court and that he was coerced into taking the sentence by those promises. Second, he alleges that he was never presented with the evidence against him. And, finally, he alleges that his attorney failed to review the presentence investigation report with him and that if his attorney had done so, he would have reconsidered pleading guilty.

### 1. Promises about the sentence Burrell would receive.

Burrell alleges that his attorney promised that he "would receive a sentence in the 100 months range not the 200s" and that the judge would go with the attorney's recommendation of 188 months. [45], p. 5. He further alleges that he "was coerced into taking this sentence by [his] lawyer." *Id.*

"[A] defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations [he] made in open court when entering [his] guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th

7

Cir. 1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)).[3] "If the defendant produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [he] is entitled to an evidentiary hearing on the issue." *Id.* (citing *Harmason*, 888 F.2d at 1529). "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.* (citing *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988); *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th Cir. 1986)).

In his Motion to Vacate, Burrell submits no evidence to support the existence of a promise by his attorney as to the sentence he would receive. Meanwhile, the plea agreement that Burrell signed states that the penalty for the offense he pleaded guilty to "is not less than 10 years nor more than life imprisonment." [34], p. 1. The agreement further states that "Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea and recognizes that *the Court* will make the final determination of the sentence and that Defendant *may be sentenced up to the maximum penalties set forth above.*" *Id.* at p. 2. (Emphasis added).

---

[3] *See also Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000) ("[W]hen a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." (internal quotation marks omitted) (quoting *McKenzie v. Wainwright*, 632 F.2d 649, 651 (5th Cir.1980))).

At the change of plea hearing, Burrell was asked "other than the plea agreement . . . has anyone made you any other types of offers or promises or inducements of any kind in order to persuade you to plead guilty?" [44], pp. 10-11. He responded, "no, sir." *Id.* at p. 11. Burrell then agreed that although the Government was "going to recommend that [he] be sentenced in the lower half of the advisory federal sentencing guidelines[,] . . . sentencing recommendations made by the Government are not binding upon the Court [and] . . . the Court could reject those recommendations and [he] could be sentenced up to the maximum penalty which is provided by law." *Id.* And, importantly, Burrell agreed that "any predictions or calculations or estimates that [his attorney] or the Public Defender's Office may have made on [his] behalf . . . could be different from the sentence that [he] ultimately receive[s] from the Court[.]" *Id.* at p. 14.

Burrell's "[s]olemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." *Cervantes*, 132 F.3d at 1110 (internal quotation marks omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). And those declarations and the written plea agreement "expressly contradict the existence of any promises" as to the sentence Burrell would receive. *Cervantes*, 132 F.3d at 1111. Burrell stated his understanding that the Court, and not his attorney, would determine his sentence; that the Court had the power to sentence him to the maximum penalty authorized by law—life imprisonment; and that he could not rely upon any estimate or promise by his attorney as to the sentence he would receive.

Furthermore, in his affidavit, Burrell's attorney states, "I did not promise any particular sentence to Burrell. Indeed, I specifically advised Burrell that the Court could sentence him up to the maximum sentence provided by law. It was his decision to plead guilty." [49], p. 2.

Based on this evidence in the record, the Court finds that Burrell's attorney did not promise Burrell that he would receive a particular sentence. Thus, Burrell has not shown that his attorney rendered deficient performance, which "defeats" his ineffective assistance of counsel claim. *Collins v. Anderson*, 248 F.3d 1143, 2001 WL 184861, at *1 (5th Cir. Feb. 5, 2001) (citing *Strickland*, 466 U.S. at 697).

### 2. Failure to present Burrell with the evidence against him.

Burrell alleges that "[a]ll the evidence that the U.S. had against me wasn't presented to me." [45], p. 7. This evidence allegedly included an audio or video recording of him selling an illegal substance to another individual and the lab results showing that the substance he "possessed had fentanyl in it." *Id.* These allegations, however, cannot overcome the overwhelming evidence in the record showing that Burrell knew of and reviewed the evidence against him prior to entering his guilty plea.

At the change of plea hearing, Burrell was asked whether his attorney or the other attorneys at the Public Defender's Office went over with him "the evidence that the Government had obtained and intended to bring to trial if the case had gone to trial[.]" [44], p. 9. He responded, "yes, sir." *Id.* Burrell was also asked

whether he was satisfied with the counsel, representation, and advice that he received from his attorney. *Id.* He again responded, "yes, sir." *Id.*

Later during the hearing, the Court asked the Government to "place into the record the facts [it] would be prepared to show in the event the case had gone to trial[.]" *Id.* at p. 18. These facts included (1) that officers executed a search warrant at Burrell's home and found over 400 grams of white capsule-shaped pills; (2) that a field test and a subsequent DEA laboratory analysis revealed those pills contained fentanyl; (3) that Burrell gave a post-*Miranda* statement in which he admitted to acquiring those pills; and (4) that a cell phone analysis revealed Burrell's involvement in the distribution of those pills. *Id.* at p. 19-20. After the Government read those facts into the record, Burrell stated that he heard the facts and agreed that they are true and correct. *Id.* at 20. As such, the Court found that Burrell's "plea of guilty is a knowing and voluntary plea which is supported by an independent basis in fact containing all of the essential elements of the offense charged." *Id.* at p. 20.

Moreover, in his affidavit, Burrell's attorney states that "Burrell was presented with all evidence, including audio and video evidence and lab reports so he could make an informed decision about going to trial." [49], p. 2.

From this evidence, the Court finds that Burrell's attorney presented Burrell with the evidence against him prior to him entering a plea of guilty. Accordingly, Burrell has not shown that his attorney rendered deficient performance under this claim.

### 3. Failure to review the presentence investigation report with Burrell.

Burrell alleges that his attorney failed to review the presentence investigation report with him, and had his attorney done so, he would have "thought about entering a plea of guilty without knowing exactly what [he] was facing." [45], p. 13. These allegations are also expressly contradicted by the record in this case.

During the change of plea hearing, Burrell agreed that he understood that the Court would "not be able to determine [his] guideline range until after a presentence investigation report has been completed, and both [he] and the Government have had an opportunity to review and possibly challenge that presentence report[.]" [44], p. 14. Burrell was then informed that "prior to any sentencing" he would "have the right to review that report . . . with [his] lawyer and to challenge it . . . and have the right to speak before any sentence is imposed." *Id.* at p. 21.

Burrell's attorney also stated at Burrell's sentencing hearing and in his affidavit that he reviewed the presentence investigation report with Burrell prior to the sentencing hearing. At the sentencing hearing, Burrell's attorney was asked whether he received a copy of the presentence investigation report and whether he had "an opportunity to go over it with Mr. Burrell[.]" [43], pp. 2-3. He stated that he had. *Id.* He then agreed that Burrell understood "the application of the advisory guidelines and the findings of fact in the report." *Id.* at p. 3. And he informed the Court that Burrell did not have any objections to the presentence report. *Id.* In his

12

affidavit, Burrell's attorney again states that he reviewed the presentence report with Burrell to determine objections to the report. [49], p. 2.

Moreover, Burrell was given the opportunity to address the Court at the sentencing hearing. [43], p. 10. At that time, he did not dispute his attorney's contention that they had reviewed the presentence report together. *Id.* at pp. 10-12. Instead, he apologized for his actions and asked the Court to be lenient in its sentence and to forgive him for his mistakes. *Id.*

Based on this evidence in the record, the Court finds that Burrell's attorney reviewed the presentence report with him prior to the sentencing hearing. Any contention by Burrell that he would not have entered a plea of guilty at the change of plea hearing had he been able to review the presentence report first is without merit. The Court informed Burrell at the change of plea hearing that the presentence report would not be prepared until after the hearing and after Burrell entered a guilty plea. Burrell knowingly and voluntarily accepted this and chose to enter a guilty plea. Accordingly, Burrell has not shown that his attorney rendered deficient performance under this claim.

## B. Attorney's Performance at the Sentencing Hearing

Burrell's other ineffective assistance of counsel claims relate to his attorney's performance at the sentencing hearing. Burrell alleges that (1) his attorney failed to present any "mitigation factors"; (2) that his attorney did not say a word in his defense; and (3) that his attorney "failed to present any meaningful arguments to

the sentencing judge on [his] behalf." [45], pp. 8, 13. Each of these allegations is wholly without merit.

At the sentencing hearing, the Court noted that Burrell's attorney had filed numerous letters of support on his behalf. [43], p. 4. The Court also commended Burrell's attorney on the "very detailed sentencing memorandum" he filed on Burrell's behalf. *Id.* Burrell's attorney also presented detailed arguments at the hearing as to why Burrell should be sentenced below the guideline range. For example, he argued that "[t]he two qualifying offenses that resulted in Mr. Burrell being qualified or finding himself in the career offender guidelines deal with two minor level . . . possession with intent to distribute marijuana charges." *Id.* at p. 7.

In his affidavit, Burrell's attorney states that he expended a "tremendous amount of time and resources . . . to develop mitigation for the Court's consideration at sentencing, including a very thorough sentencing memorandum and mitigation video." [49], p. 2. This video contained "interviews of the defendant along with his family and friends." *Id.* at p. 3.

Accordingly, the Court finds that Burrell's argument that his attorney rendered deficient performance at his sentencing hearing is contrary to the overwhelming evidence in the record.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Kelvin Renee Burrell's Motion [45] to Vacate his sentence pursuant to 28 U.S.C. Section 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE